SALON SERVICE, INC., Appellant, *v.* PACIFIC & ATLANTIC SHIPPERS, INC., et al., Respondents.

First Department, June 18, 1968.

*Irving J. Kirschenbaum* of counsel (*Max J. Gwertzman,* attorney), for appellant.

*Saul Sorkin* of counsel (*Sorkin & Berger,* attorneys), for respondents.

STEUER, J. Plaintiff, a shipper, sues defendant, its freight forwarder, for the value of 12 boxes of wigs lost in transit. Defendant, by separate defense, alleges that plaintiff has been compensated for its loss by way of insurance and further alleges that, by the terms of the bill of lading pursuant to which the merchandise was shipped, defendant was entitled to the benefit of any insurance effected upon the property lost.

On this motion to dismiss the defense it appears that plaintiff was the insured under several policies of insurance issued by Globe Indemnity Company and that payment was made for the loss in question by means of a loan receipt. The policies each contain clauses reading:

"15. *Benefit of Insurance*: This insurance shall not inure directly or indirectly to the benefit of the carrier or other bailee, by stipulation in bill of lading or otherwise.

"16. *Bill of Lading, Contracts, Etc.*: Privilege is granted hereunder to accept receipts, contracts, bills of lading or other

documents issued by carriers or others limiting their liability or releasing them from all liability and this insurance shall in no wise be prejudiced by such limit or release. ''

In determining whether the provision in the bill of lading shall take precedence over the clauses in the insurance policies or vice versa, we give no weight to the fact that payment was made to plaintiff by means of a loan receipt. The use of this patent device to obscure the fact or effect of payment is unavailing (*Rosenthal Jewelry Corp.* v. *St. Paul Fire & Mar. Ins. Co.*, 21 A D 2d 160). Nor do we believe that decision should rest on any semantic nicety in the wording of the respective documents.

The seeming impasse is the culmination of a long history of ingenious solutions to the practical problem of who should bear the loss — the person at fault (the carrier) or the one whose business it is to provide against losses (the insurer). The process began with the insurer exercising its right of subrogation. The carrier countered with the inclusion of the protective clause in bills of lading and this, for a time, prevailed (*Phoenix Ins. Co.* v. *Erie Transp. Co.*, 117 U. S. 312). The insurance companies then inserted the clauses in question (see Patterson, Essentials of Insurance Law [2d ed.], p. 150).

The resulting '' circularity of expression '' resulting from the opposing clauses in the two documents (Campbell, Non-Consensual Suretyship, 45 Yale L. J. 69, 85), has given rise to suits which have been decided on the basis of reasoning and public policy. The former is on the ground that the carrier may not relieve itself of liability for its own fault by this device and is exemplified in the exhaustive opinion of the Supreme Court of New Hampshire (*Brew & Co.* v. *Auclair Transp.*, 106 N. H. 370). The public policy ground has its basis in the argument that by this means the carrier avoids the restrictions of the Interstate Commerce Act against preferential treatment (*China Fire Ins. Co.* v. *Davis*, 50 F. 2d 389, cert. den. 284 U. S. 658).

Whether either of these approaches appeals or whether the problem be regarded as incapable of satisfactory solution by way of reason, there is substantial merit in adhering to the determinations. The most significant factor in regard to the decisions is that they provide a standard to the commercial community upon which to regulate conduct. The practically uniform determinations in favor of the insurer provide such a standard. For this reason the defense is unavailing and should be stricken. The incidental determination as to the bill of particulars falls with the defense.

The order entered December 12, 1967, should be reversed on the law, the motion to preclude denied and plaintiff's cross motion to dismiss the affirmative defense and counterclaim contained in paragraphs 9 to 11 granted, with costs and disbursements to appellant.

BOTEIN, P. J., CAPOZZOLI, McGIVERN and RABIN, JJ., concur.

Order entered on December 12, 1967 unanimously reversed, on the law, with $50 costs and disbursements to appellant, plaintiff's motion to dismiss the affirmative defense and counterclaim contained in paragraphs 9 to 11 granted, and defendants' motion to preclude denied.